**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 23, 2005[*]
Decided June 30, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3363

| | |
|---|---|
| HENRY BECTON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division |
| *v.* | |
| | No. 02 C 3255 |
| JO ANNE B. BARNHART, | |
| *Defendant-Appellee.* | Robert W. Gettleman, |
| | *Judge.* |

**O R D E R**

Henry Becton applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416, 423, 1381a, claiming that diabetes and depression prevented him from working.  The Social Security Administration denied his application, and an administrative law judge concluded that he was not disabled.  After the Appeals Council denied review, the ALJ's ruling became the final decision of the Commissioner of Social Security.  The district court affirmed and Becton appeals.  We affirm.

---

[*]  After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(a)(2).

Becton, who was 48 years old at the time of his last hearing before an ALJ, attended three years of college and then worked as a "patient sitter" (his only relevant work experience) at the University of Illinois, from 1990 until 1993. In 1996, doctors discovered that he suffered from elevated blood sugar and he began treatment for diabetes. Becton continued to receive treatment throughout 1997 for blurred vision, dizziness, elevated blood pressure, problems sleeping, high cholesterol, and other symptoms. In March 1997, Becton also complained of depression, and doctors began prescribing drugs for that condition.

Becton applied in 1997 for SSI and DIB based on his diabetes and depression, alleging an onset date of disability of March 15, 1996. Protracted proceedings ensued during which the Appeals Council twice reviewed and remanded Becton's case, the second time so that a new ALJ could address concerns relating to Becton's mental impairment, his residual functional capacity, and the effect of both on his ability to find work in the national economy. A new ALJ eventually reconsidered Becton's case, concluding that, although Becton could not return to his past-relevant work, "there are a significant number of jobs in the national economy that he could perform." She thus found Becton not disabled.

Becton's discursive brief is difficult to parse, but we can discern at least one argument for review. Becton seems to argue that the ALJ improperly credited the testimony of Dr. Benjamin Blackman, a non-examining psychiatrist who testified as an expert at the hearing that Becton retained the mental residual functional capacity to perform simple, unskilled work. Becton suggests that Blackman improperly relied on personal observations, overstated the effectiveness of his medication, and generally minimized the severity and impact of his depression.

Becton's general charge of error, however, does not undermine the ALJ's reliance on Dr. Blackman's testimony in reaching a finding of not disabled. An ALJ may consider evidence from non-examining doctors, and "[w]hen treating and consulting physicians present conflicting evidence, the ALJ may decide whom to believe, so long as substantial evidence supports that decision." *Dixon v. Massanar*, 270 F.3d 1171, 1178 (7th Cir. 2001). Here, substantial evidence supports the ALJ's decision to believe Blackman. Notes from Becton's treating physicians show that his depression responded to medication and three consultative mental status evaluations concluded Becton was irritable but otherwise able to perform the diagnostic tests the doctors administered. Although the record supports certain functional limitations, which Dr. Blackman noted and the ALJ incorporated into Becton's residual functional capacity, the record does not contradict Blackman's ultimate conclusion that Becton retained the capacity to perform simple tasks despite his depression. Furthermore, Becton does not point us to any evidence that calls into question the reliability of Blackman's conclusion.

Becton raises a host of other unsubstantiated assertions, including adjudicator bias and deprivation of due process, but he does not develop these claims or provide a legal basis for them, and thus they are waived. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 788 n.18 (7th Cir. 2003).

AFFIRMED.